**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 11-107-JBC**

**KNC INVESTMENTS, LLC,**                                                    **PLAINTIFF,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**LANE'S END STALLIONS, INC.,**                                      **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of KNC Investments, LLC, to alter or amend the court's November 10, 2011, judgment and memorandum opinion and order (R. 37). In the November 10 memorandum opinion and order, the court granted summary judgment on portions of KNC's claim to Lane's End Stallions, Inc., and dismissed the remainder of the claim. KNC's current motion, asserted under Fed. R. Civ. P. 59, contends that the court, in not accepting its interpretation of Section 4.5 of the Lemon Drop Kid Syndicate Agreement, made an error of law and made other mistakes which derive from this error. KNC also asserts that newly discovered evidence justifies amending the court's decision. KNC's arguments that the court made an error of law, however, are merely the same arguments it offered in favor of its interpretation of the Agreement in its prior briefs, and the newly discovered evidence it offers was not unavailable to it at the time of the original briefings; therefore, the court will deny the motion.

The court will not entertain KNC's arguments based on its interpretation of

the Syndicate Agreement.  To show a clear error of law for purposes of a motion to alter or amend, *see GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), KNC must "clearly establish a manifest error of law." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). KNC's basis for its argument that the court made an error of law is that the court did not accept KNC's interpretation of the meaning of certain terms in the Syndicate Agreement.  It is inappropriate to use a motion to reconsider under Rule 59 merely as an opportunity to re-argue points already considered by the court. *Id*. Because KNC's arguments that the court committed an error of law rest merely on the same arguments the court has already considered, the court will deny this aspect of the motion. The court will, however, clarify its holding in response to KNC's arguments.

KNC asserts repeatedly in the current motion that the inspection clause in Section 4.5 is not a "'subsequent clause irreconcilable with a former clause and repugnant to the general purpose and intent' of the agreement," R. 37-1 at 6, which is an argument it employs presumably due to the court's citation of *Int'l Union of Operating Engineers v. J.A. Jones Const. Co.*, 240 S.W.2d 49, 56 (Ky. 1951). KNC misinterprets the court's opinion in this regard.  In the opinion, the court cites *Int'l Union* merely for the proposition that "[t]he definite and precise will prevail over the indefinite," in support of its holding that the specific prohibition on sharing the Owners' identities, effectuated by the 39-to-1 vote of Owners, overrides the general term "books and records" as used in Section 4.5 of the

Syndicate Agreement.  Thus, whether "books and records" has the all-encompassing meaning upon which KNC insists is immaterial, because a general provision to share all records must give way to a specific provision not to share a certain subset of records.

Though a motion to alter or amend may also be granted in circumstances where there is newly discovered evidence, *see GenCorp* at 834, that is not the case here.  KNC has offered evidence, in the form of an affidavit by Jerry Jamgotchian, describing certain transactions he discovered when he inspected the books and records of account of the Syndicate on October 13 and 14, 2011.  This, however, does not constitute "newly discovered evidence," because this information was not unavailable to KNC during the original arguments.  KNC had an appointment to inspect these records at the Syndicate Manager's premises on March 21, 2011, which it cancelled of its own volition prior to filing the current suit.  *See* Correspondence from Jerry Jamgotchian to multiple recipients, R. 16-4 at 72 ("Therefore, rather than visit your Kentucky office on March 21st to audit the LDK books and records (which I believe you will not produce or will partially produce in a redacted version), I have elected to cancel this visit and instead file an action to require you to produce *ALL* of the requested documents through discovery in a complete and un-redacted condition."). Evidence which was previously available to a party, but which it chose not to investigate, cannot constitute "newly discovered evidence" in support of a motion to alter or amend, *see GenCorp* at 834, and the court will therefore also deny this aspect of the motion.

Accordingly,

**IT IS ORDERED** that KNC's motion to alter or amend (R. 37) is **DENIED**.

Signed on February 9, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY