**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 11-107-KKC**

**KNC INVESTMENTS, LLC,**                                                                          **PLAINTIFF,**

**V.**                                   **MEMORANDUM OPINION & ORDER**

**LANE'S END STALLIONS, INC.,**                                                          **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on remand from the Sixth Circuit Court of Appeals. Defendant Lane's End Stallions has filed a motion to dismiss (R. 44) for lack of subject matter jurisdiction. The plaintiff KNC is one of 40 owners in the thoroughbred stallion Lemon Drop Kid Syndicate (the "Syndicate"). KNC filed suit against Lane's End in March 2011 seeking a declaratory judgment that it is entitled to copies of certain records, including the identities and contact information of other Owners in the Syndicate and right to inspect the books and records under the Kentucky Business Corporation Act. The Sixth Circuit rejected KNC's claim under the KBCA. However, during the course of this litigation, the remaining 39 members of the Syndicate took steps to ratify Lane's End conduct. Lane's End submits an Amended and Restated Syndicate Agreement and an affidavit describing the amendment process that essentially states the Owners' names and contact information are confidential and are not to be disclosed. The Sixth Circuit has directed this court to consider the Amended and Restated Syndicate Agreement and evaluate whether a live controversy still exists given this "new evidence." *KNC Invs., LLC v. Lane's End Stallions, Inc.*, WL 5440032 (6th Cir.

1

2012)(unpublished).   The court will grant Lane's End's motion because Federal jurisdiction exists only in actual, ongoing cases or controversies.

In support of its motion to dismiss, Lane's End submits the sworn statement of Thomas Hyams, Secretary and Treasurer of Lane's End (R. 44, Exhibit 2)[1].  His affidavit (and amended affidavit) details the amendment process and confirms that as of June 12, 2012, 39 members of the Lemon Drop Kid Syndicate voted and executed an Amended and Restated Agreement.   The Amended and Restated Agreement now expressly bars the exact relief requested by KNC in its original suit for declaratory relief seeking a right to inspect the books and records of the Syndicate.   The Syndicate agreement now states in Section 6.13:

> The records of ownership of Fractional Interests (including without limitation identities and contact information of the Owners, sales agreements, bills of sale, signed Syndicate Agreements, and other similar documentation of ownership) shall be maintained as confidential and released to other Owners and third persons only upon the affirmative vote of the Owners holding a majority of the Fractional Interests . . . All documents maintained by the Syndicate Manager, subject to inspection by the Owners, or to be provided to the Owners under the Syndicate Agreement are subject to redaction by the Syndicate Manager, in its discretion to comply with or to promote the purpose and intent of this paragraph[.]

Moreover, the Owners of the Syndicate expressly ratified Lane's End's actions in not providing KNC with their identities and contact information.   Section 6.16 of the Amended and Restated Syndicate Agreement states in pertinent part:

> [The] undersigned Owners further ratify, accept the fact of, and approve the actions and decisions not to act taken by Lane's End as Syndicate Manager prior to the execution of this Syndicate Agreement . . .Lane's End's past or future determinations to keep the Owner's identities and contact information, and any

---

[1] The court notes that the record reflects an updated affidavit by Hyams.  *See* R. 58 (Sealed) Lane's End requested leave to supplement the record with an updated affidavit to make the record reflect exactly what appears in the related case, 12-CV-108-KKC.  Lane's End avers that the affidavit contains no information that is unknown to KNC, but rather seeks to verify the voting process of the Amended and Restated Agreement.

other information related to Lemon Drop Kid, private by keeping it confidential pending consultation with the Owners[.]

All of the Owners, including KNC, have been on notice of the effectiveness of the Amended and Restated Syndicate since June 2012. Federal jurisdiction exists only in actual, ongoing cases or controversies. "A case may become moot if, as a result of events that occur during pendency of the litigation, the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012)(internal citations omitted). In addition, the court concludes that this matter is moot because even if the court granted the relief sought by KNC, ordering Lane's End to disclose the names and contact information of the 39 other members in the Syndicate, this relief would now be expressly prohibited by the prevailing Amended and Restated Syndicate Agreement. *See Wedgewood Ltd. P'ship v. Twp. of Liberty*, 610 F.3d 340, 348 (6th Cir. 2010)(holding the "test" for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties).

Because the court concludes a live controversy no longer exists, it need not consider KNC's remaining arguments. However, even assuming other claims exist that have never been addressed, as suggested by KNC, the court concludes KNC's additional requests to conduct discovery and attempts to question the validity of the Amended and Restated Syndicate agreement are without merit. Specifically, KNC argues it should be given the opportunity to investigate how the amendments occurred and whether Lane's End exercised any undue influence in the amendment process. *See* R. 48. Lane's End submitted a sworn affidavit by the Secretary and Treasurer of Lane's End, Thomas Hyams, detailing the amendment process including a copy of the letter he sent to all 40 owners of the Lemon Drop Kid Syndicate

(including KNC), his review of all of the responses, and an executed copy of the Amended and Restated Agreement. The court will not allow KNC to engage in a fishing expedition based on pure speculation.

KNC's additional arguments are also unavailing. Contrary to KNC's argument, Lane's End did not need KNC's consent to effectuate an amendment to the Syndicate Agreement. Section 6.1 of the both the original and amended agreement provides that "a majority vote shall decide all questions properly submitted [.]" (R. 44, Exhibit 2 at 23) KNC also continues to argue that Lane's End breached a fiduciary duty to KNC, specifically arguing that Lane's End's reference to its recent legal fees in a letter sent to all Owners of the Syndicate was a breach of fiduciary duty to KNC. Specifically, KNC complains of the following language:

> "We believe that we have and continue to fully comply with the terms of the Syndicate Agreement. The litigation with KNC, however, has caused Lane's End to incur a not insubstantial amount of attorney fees (which we have not assessed to the Owners. As a result, we request specific direction and clarification from you consistent with the original intent of the agreement that the actions we have taken and continue to take in management of LDK are acceptable to you."

(R. 44, Exhibit 2 at 7).

However, the Amended Syndicate Agreement specifically provides that "[i]n any communication with the Owners, the Syndicate Manager is permitted to provide its evaluation of the matter(s) in issue and provide its recommendations and suggestions concerning the same." *Id.* There is nothing in the record to suggest any bad faith on the part of Lane's End regarding the amendment process other than KNC's own unfounded speculation.

For the reasons discussed, **IT IS ORDERED** that Lane's End's motion (R. 44) is **GRANTED** and this matter is **DISMISSED** for lack of jurisdiction.



Signed By:
*Karen K. Caldwell*
United States District Judge